UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOROTHY W. LEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: _____ |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

## DEFENDANT STATE FARM LLOYDS'S NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

### I.   INTRODUCTION

1. This is an insurance coverage and bad faith case. On December 21, 2021, Plaintiff filed her Original Petition in Cause No. DC-21-18146 in the 68th Judicial District Court, Dallas County, Texas, initiating a civil cause of action against Defendant. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm.

3. Plaintiff alleges multiple causes of action against Defendants related to State Farm's handling of a property insurance claim submitted by Plaintiff. Plaintiff alleges breach of contract; non-compliance with Chapter 541 of the Texas Insurance Code; non-compliance with Chapter 542 of the Texas Insurance Code; breach of the duty of good faith and fair dealing; violations of the Deceptive Trade Practices Act; fraud; and negligence. Plaintiff further alleges

that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code and DTPA.

4. Relying on Plaintiff's pleaded facts without any admission as to their truth, Plaintiff pleads that she is the named insured under a State Farm homeowner's insurance policy. Exhibit C, at p. 3. Plaintiff pleads that on or about February 2021, she suffered damages to her residential property from a winter storm. *Id.* Plaintiff pleads that she submitted an insurance claim to State Farm for this alleged damage. *Id.* at 5.

5. State Farm received the Citation and Plaintiff's Original Petition via CSC on January 10, 2022. State Farm filed its Original Answer to Plaintiff's Original Petition on January 28, 2022. Exhibit E.

6. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Dallas County state court in which this case was previously pending.

## II.     GROUNDS FOR REMOVAL

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Viable Parties.

8. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Dallas County, Texas. In determining diversity jurisdiction, the state where someone establishes her domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a

person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is a Texas citizen.

9. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois or Colorado for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois or perhaps Colorado, but not a Texas citizen. Exhibit F.

### B.    The Amount in Controversy Exceeds $75,000.

10. Additionally, the damages pleaded by Plaintiff exceed $75,000. Under the "RULE 47 CLAIM FOR RELIEF" heading in Plaintiff's Original Petition, Plaintiff pleads she seeks "monetary relief of $250,000 or less." Exhibit C, at p. 1. Plaintiff also pleads the value of her actual damages due under her insurance policy is $21,541.45. *Id.* at p. 17, 31. She further pleaded to recover $5,179.80 for premiums paid. *Id.* at p. 31. And she alleges that her attorneys' fees incurred at the time of filing this suit were "at least $15,000." *Id.* Plaintiff seeks actual damages, attorney's fees, and extra-contractual damages including exemplary and punitive damages for "knowing" violations. *Id.* Under the Texas Insurance Code, treble damages may be awarded if the jury finds that a defendant's violations were committed knowingly. As such, a jury could award damages greater than $75,000 in this case; and therefore, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction. Further, prior to filing this notice Defendant's counsel conferred

with Plaintiff's counsel regarding the amount in controversy and whether Plaintiff would stipulate that she was not seeking and would not accept anything more than $75,000 in damages in this suit. Plaintiff's counsel refused to enter into such a stipulation.

### III.   VENUE

11.   Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 68th Judicial District Court, Dallas County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV.   PROCEDURAL REQUIREMENTS

12.   Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiff's Original Petition Filed on December 21, 2021 |
| D. | Citation and return of Service issued as to State Farm |
| E. | State Farm's Answer to Plaintiff's Original Petition Filed on January 28, 2022 |
| F. | Affidavit of Michael Roper |
| G. | List of Counsel of Record |

13.   This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 68th Judicial District Court, Dallas County, Texas promptly after filing of same.

## V. CONCLUSION

17. State Farm respectfully requests that the above-captioned action now pending in the 68th Judicial District Court, Dallas County, Texas, be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on February 3, 2022.

                                          */s/ Susan E. Egeland*
                                          SUSAN E. EGELAND